UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JEFFREY EISENBEISER, *et al.*,      )
                                    )
            Plaintiffs,             )   Civil Action No. 04-0615
                                    )   (EGS)
      v.                            )
                                    )
MICHAEL CHERTOFF, *et al.*,         )
                                    )
            Defendants.             )
_____)


**MEMORANDUM OPINION**

Plaintiffs are United States Secret Service ("USSS") employees[1] hired between 1984 and 1986. They allege they have been erroneously placed within the Federal Employees' Retirement System ("FERS") and that they are entitled to elect more favorable coverage under the District of Columbia Retirement Act ("DCRA"). They seek declaratory and injunctive relief to obtain "statutory entitlements and benefits under the DCRA." Compl. ¶ 1. Upon consideration of plaintiffs' filings, the responses and replies thereto, supplemental pleadings, and the entire record, the Court concludes that it does not have subject matter jurisdiction and, therefore, plaintiffs' complaint is DISMISSED.

---

[1] Because the USSS is a division of the Department of Homeland Security ("DHS"), plaintiffs have named DHS Secretary Thomas Ridge (subsequently Secretary Michael Chertoff) as defendants.

**I. STANDARD OF REVIEW**

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The fundamental question of whether a federal court lacks subject matter jurisdiction may be raised by a court on its own initiative, or by a party, at any stage of litigation. *See Kontrick v. Ryan,* 540 U.S. 443, 455 (2004)(citing *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). As a court of limited jurisdiction, a federal district court has an affirmative obligation to examine, *sua sponte,* its jurisdiction to hear a case. *Doe by Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996).

**II. PROCEDURAL BACKGROUND**

Defendants filed a motion to dismiss on September 3, 2004, based on lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim, Fed. R. Civ. P. 12(b)(6). The Court denied defendants' motion without prejudice, but did not substantially address the jurisdictional issues. Order, August 17, 2005.

The Court held an initial scheduling conference on November 8, 2005. Plaintiffs maintained that although APA claims do not

usually involve discovery, it was necessary in this case because of the existence of constitutional and statutory claims in addition to APA issues.  Defendants reiterated their earlier argument that the Court does not have jurisdiction.  Defendants cited *Fornaro v. James*, 416 F.3d. 63 (D.C. Cir. 2005), which was decided after the Court's August 17, 2005 order.  The Court instructed plaintiffs to file any proposed discovery that would enable the Court to determine its jurisdiction, as well as any supporting authority to persuade the Court that they are entitled to discovery that goes to the merits.

On June 20, 2006, the Court ordered the parties to submit supplemental pleadings addressing, *inter alia*, whether *Fornaro* required immediate dismissal of the case for lack of subject matter jurisdiction.  Upon further review of the complete record, the *Fornaro* decision persuades the Court that dismissal of plaintiff's complaint is required for lack of subject matter jurisdiction.

**III. LEGAL FRAMEWORK**

    **A.  Exclusive Administrative Review of Federal Retirement Grievances**

Plaintiffs allege they have been erroneously removed from DCRA and placed in FERS.  FERS was implemented in January 1987 pursuant to the Federal Employees' Retirement System Act of 1986.

Pub. Law. 99-335, 100 Stat. 514 (1986); *see* 5 U.S.C. § 8401 *et seq.* The Act provides that OPM "shall adjudicate all claims under the provisions of" the FERS. 5 U.S.C. § 8461(c). Appeals from OPM decisions are heard by MSPB. *Id.* § 8461(e)(1). Judicial review of MSPB decisions may then be sought only in the Federal Circuit. 5 U.S.C. § 7703(b)(1).

The OPM also adjudicates issues of federal retirement benefits arising under other federal retirement systems pursuant to the Civil Service Reform Act of 1978 ("CSRA"). Pub. Law 95-454, 92 Stat. 1111 (1978); *see* 5 U.S.C. § 8331 *et seq.* The appeals procedure under the CSRA is identical to that under the FERS. *See* 5 U.S.C. §§ 8347(b), (d)(1).

This procedure is the only avenue for judicial review of retirement benefits determinations. *See Fornaro v. James*, 416 F.3d 63 (D.C. Cir. 2005) ("these remedial schemes are exclusive, and may not be supplemented by the recognition of additional rights to judicial review having their sources outside the CSRA").

### B. Judicial Review under the Administrative Procedure Act ("APA")

Final agency actions for which there is no other adequate remedy in a court are subject to judicial review under the APA. 5 U.S.C. §§ 701-706. The APA waives the sovereign immunity of the United States in qualifying suits. *Id.* § 702. Nothing in the

APA, however, "(1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Id*.

### C. Federal Erroneous Retirement Coverage Corrections Act ("FERCCA")

Congress enacted FERCCA to prescribe remedies for federal employees who claim to have been placed in the wrong retirement system for at least three years. Pub. Law. 106-265, 114 Stat. 762 (2000). The law provides specific, mandatory remedies for employees who should have been covered under FERS, CSRS, CSRS-Offset, or Social-Security Only, but were instead mistakenly placed in one of the three other systems. *Id*. The four retirement systems listed in FERCCA are a closed set; FERCCA provides no remedy for plaintiffs who claim they are entitled to placement in a system other than those listed. *Id*. FERCCA does not alter the OPM/MSPB remedial scheme; it is simply a corrective statute directing specific outcomes in specific situations. *Id*.

### IV. ANALYSIS

Plaintiffs present three arguments in support of their claim that this Court has jurisdiction. First, they argue that this

5

Court can provide their only remedy, and it therefore has jurisdiction under the APA. *See* 5 U.S.C. §§ 701-706. Plaintiffs erroneously argue that because FERCCA does not address claims for placement within the DCRA, they have no other remedy. The fact that FERCCA does not prescribe a specific remedy for plaintiffs' complaint, however, is beside the point. Plaintiff's complaint arises under FERS, not FERCCA. As with all complaints arising under FERS, plaintiffs must utilize the statutorily prescribed review system by filing a complaint with OPM, then appealing to the MSPB and, ultimately, the Federal Circuit Court of Appeals, if necessary.[2]

Plaintiffs next argue that this Court has jurisdiction under the APA because plaintiffs have exhausted the administrative process. *See* 5 U.S.C. §§ 701-706. They rely upon a DHS memo as a record of "final agency action." OPM, however, is the only federal agency empowered to adjudicate claims regarding federal retirement systems. 5 U.S.C. §§ 8347(b), 8461(c); *Fornaro*, 416 F.3d at 64. The DHS memo, therefore, is not a legally binding opinion, and cannot establish APA jurisdiction.

---

[2] Plaintiffs also contend that the OPM/MSPB review system cannot provide them a remedy because some plaintiffs have previously litigated their claims before the OPM, and those claims were dismissed. The MSPB dismissed those claims, however, because plaintiffs sought relief under FERCCA, an inapplicable statute. Thus, the dismissal resulted from plaintiffs' pleading error, not the inability of the OPM to provide administrative relief in this situation. *See* Compl., Ex. 1.

6

Third, plaintiffs argue that their complaint actually "arises" under DCRA, not FERS, thus relieving them of the obligation to present their claims to OPM. Plaintiffs further argue that they have statutory and constitutional claims in addition to administrative grievances, giving this court jurisdiction under 28 U.S.C. § 1331. Accepting plaintiffs' claims *arguendo,* these claims are nevertheless barred by the sovereign immunity of the United States. *See Floyd v. District of Columbia*, 129 F.3d 152, 156 (D.C. Cir. 1997) (holding that district court had federal question jurisdiction, but dismissing suit brought under DCRA because statute does not waive sovereign immunity).[3]

**A. Plaintiffs Have No Remedy Under the APA**

Plaintiffs' attempt to bring this case under the APA fails for three reasons. First, another remedy is available. *See* 5 U.S.C. §§ 703-704. In this case, it appears that plaintiffs are not precluded from presenting their arguments to OPM, independent of FERCCA, in accordance with statutory FERS grievance procedures. Second, that alternate remedy is exclusive. *See id*. § 702 (review under the APA is only available where not

---

[3] Claims under the DCRA are handled by the Mayor of the District of Columbia, subject to review and final determination by the District of Columbia Retirement Board. *See* D.C. Code § 5-721 (2001).

prohibited by another statute).  Finally, there is no final agency action.  *See id.* § 704.

### 1. The OPM/MSPB remedial process is available to plaintiffs

Plaintiffs repeatedly argue that OPM/MSPB provides no administrative relief because FERCCA is inapplicable to their situation.  All parties agree that FERCCA provides no relief for employees who are FERS-covered and seek placement under DCRA.  Administrative relief under FERS, however, is not limited to issues corrected by FERCCA.  Plaintiffs could file claims with OPM pursuant to 5 U.S.C. § 8461(c), appeal an adverse decision to MSPB under § 8461(e)(1), and then seek review in the Federal Circuit under 5 U.S.C. § 7703(b)(1).  This administrative scheme is clearly broad enough to encompass plaintiffs' claims.

Plaintiffs further argue that they have a federal question claim and, therefore, must remain in federal court.  Specifically, plaintiffs allege that their claims do not concern administrative errors pertaining to individual employees, but rather the constitutionality of the entire legislative scheme that transferred plaintiffs' retirement coverage from DCRA to FERS.  They argue that only the district court has the authority to resolve these issues.  The Court is not persuaded by plaintiffs' argument.  Although OPM and MSPB do not have jurisdiction to hear constitutional issues, this does not prevent

plaintiffs from presenting their arguments to the Federal Circuit after administrative review of any non-constitutional issues. The Federal Circuit has full authority to address any constitutional issues raised.  *See* 5 U.S.C. § 7703(b)(1); 28 U.S.C. § 1295(a)(9) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction ... of an appeal from a final order or a final decision of the Merit Systems Protection Board . . ."); *Motor and Equip. Mftrs v. EPA*, 627 F.2d 1095, 1114-1115 (D.C. Cir. 1979).  Presentation of constitutional claims does not require circumventing the administrative review process in favor of litigating this issue in the district court.

Therefore, the OPM/MSPB remedial scheme provides plaintiffs with an adequate administrative remedy.

### 2. **The OPM/MSPB remedial scheme is exclusive**

The APA does not permit judicial review if it is expressly or implicitly foreclosed by another federal statute.  *See* 5 U.S.C. § 702(2).  Review by OPM/MSPB/Federal Circuit is the exclusive remedy for claims regarding retirement benefits of federal workers. *See* 5 U.S.C. §§ 8461(c), (e)(1); 7703(b)(1). Courts have consistently and broadly upheld the exclusivity of this remedial scheme.  *See United States v. Fausto*, 484 U.S. 439

(1988); *Lindhahl v. OPM*, 470 U.S. 768 (1985); *Fornaro v. James*, 416 F.3d. 63 (D.C. Cir. 2005).

In *Fornaro*, the Circuit Court affirmed the district court's dismissal of a case for lack of jurisdiction, citing exclusivity of the OPM/MSPB remedial scheme. *Fornaro,* 416 F.3d 63. The facts in *Fornaro* are instructive here. In *Fornaro*, a group of retired, disabled law enforcement officers and firefighters, claimed they were entitled to more favorable disability benefits under the Civil Service Retirement System ("CSRS"). 5 U.S.C. § 8331 *et seq.* On appeal, the Court held that Congress intended the Civil Service Reform Act ("CSRA"), which provides for administrative and judicial review of complaints arising under CSRS, to "replace the haphazard arrangements for administrative and judicial review of personnel action," a process which had often inappropriately involved appeal of agency decisions "to the district courts . . . ." *Fornaro*, 416 F.3d at 67 (quoting *Fausto*, 484 U.S. at 444). The Court's rationale was that Congress had streamlined retirement complaints into one exclusive remedial channel in order to ensure fair and consistent results for all employees. *Id.* at 68. Thus, permitting judicial review in the district court would undermine this goal and "erode the primacy of the MSPB for resolution of administrative disputes." *Id.* (internal quotation marks omitted).

Plaintiffs argue that *Fornaro* only applies to employees covered by CSRS, and because plaintiffs are covered by FERS, *Fornaro* is not pertinent to this litigation. The holding in *Fornaro*, however, is broader than plaintiffs' interpretation. The CSRA scheme for administrative and judicial review applies to both CSRS and FERS employees. The remedial schemes for the two retirement systems are virtually identical. *Compare* 5 U.S.C. § 8347 *with* 5 U.S.C. § 8461. Where Congress enacts legislation which is nearly identical in language to an earlier act and shares a common purpose with that earlier act, it is appropriate to interpret the language of the latter statute in accord with an established judicial interpretation of the former. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 759 (1979); *Anthony v. Office of Personnel Mgmt.,* 58 F.3d 620, 622, 626 (Fed. Cir. 1995) (applying Supreme Court's interpretation of statutes governing disability retirement decisions under CSRS to the "parallel provisions" in FERS).

Plaintiffs provide no legal or factual basis, and the Court is aware of none, for why *Fornaro* court's interpretation of the CSRA is applicable only to CSRS employees, and not those covered by FERS. To the contrary, plaintiff's reading of *Fornaro* would create two separate and distinct remedial schemes, with review in the district courts available to one and not the other. This

11

result is plainly inconsistent with *Fornaro's* emphasis on preserving fair and consistent results for all federal employees.

Because plaintiff's reading of *Fornaro* would lead to absurd results, *Fornaro* must apply with equal force to employees covered by both CSRS and FERS. The OPM/MSPB remedial system is exclusive, is applicable to these plaintiffs, and precludes APA review in this Court.

### 3. Even if OPM/MSPB remedial system were not available or exclusive, the DHS memo does not constitute "final agency action"

Plaintiffs next argue that the Secret Service memo of May 15, 2003, constitutes final agency action under the APA because (1) it is final, not tentative or interlocutory in nature; and (2) it determines (by denying) the legal right of the plaintiffs to retirement benefits under the DCRA. *See Appalachian Power Co. v. EPA*, 208 F.3d 1015, 1022 (D.C. Cir. 2000).

There is no relevant agency action, however, if an agency's legal interpretation is not binding. *See, e.g., Independent Equip. Dealers Ass'n. v. EPA*, 372 F.3d 420 (D.C. Cir. 2004) (no final agency action where agency sent letter threatening enforcement based on interpretation of law); *American Telephone & Telegraph Co. v. EEOC*, 270 F.3d 973 (D.C. Cir. 2001) (no final agency action in EEOC letter threatening enforcement based on agency's preliminary interpretation of law).

In this case, the memo cannot change legal relationships because neither DHS nor the Secret Service has the authority to determine plaintiffs' eligibility under any retirement system. That authority rests solely with OPM. *See* 5 U.S.C. § 8461. While the memo opines that the plaintiffs were correctly placed within FERS and that their claims are unlikely to succeed on the merits, it concludes unequivocally that "there is no administrative remedy available to this Service to change your retirement system" and "it does not appear that the Secret Service is in a position to make changes to individual retirement coverage." Compl., ex. 1 at 4. Thus, plaintiffs' arguments about the comprehensiveness of the memorandum, and the fact that it was the result of a lengthy communications process and thoroughly researched by the Secret Service are not persuasive. If the Secret Service and/or DHS do not have the authority to alter plaintiffs' retirement benefits status, their decisions cannot constitute "final agency action."

Therefore, this Court cannot exercise APA review because there is no record of final agency action.

### B. Even if Plaintiff's Case were "More Than an APA Claim," the Claims are Precluded by Sovereign Immunity

Finally, plaintiffs argue that this Court has jurisdiction because their case is "more than an APA claim." Specifically, they allege that because the complaint includes deprivation of a

statutory entitlement and a due process violation, they have a basis for original federal question jurisdiction under 28 U.S.C. § 1331.  All of plaintiffs' claims, however, arise from the same act: the transfer of plaintiffs' retirement coverage from DCRA to FERS.  Because plaintiffs are currently covered by FERS, these claims therefore "arise" under FERS, and must be presented to OPM along with the administrative complaints. 5 U.S.C. § 8461(c) (OPM "shall adjudicate all claims under the provisions of this chapter").

The requirement that plaintiffs present all claims to OPM in the statutorily prescribed manner for judicial review is not rendered inoperable simply by asserting that there has been a violation of constitutional rights.  If relief may be granted on non-constitutional grounds, there may be no need to reach the constitutional issue.  *See Pub. Utils. Comm'n v. United States*, 355 U.S. 534, 539-40 (1958) ("if . . . an administrative proceeding might leave no remnant of the constitutional question, the administrative remedy plainly should be pursued). Furthermore, as discussed above, the Federal Circuit has jurisdiction to hear any constitutional claims arising under FERS via OPM/MSPB appeals process.  Therefore, this Court has no jurisdiction on this basis.

Even if the Court were to find that it had subject matter jurisdiction over the statutory and constitutional claims,

plaintiffs' claims would be barred by the United States' sovereign immunity.  The United States "is immune from suit save as it consents to be sued . . . ."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Neither the APA nor the DCRA waives sovereign immunity in this case.  In *Floyd v. District of Columbia*, retired USSS employees brought an APA claim in federal court, seeking increased retirement benefits under DCRA pursuant to the Law Enforcement Availability Pay Act of 1994. 129 F.3d 152 (D.C. Cir. 1997).  While the Circuit found that the district court clearly had subject matter jurisdiction to hear claims under a federal law, the plaintiffs could not rely upon the APA's waiver of sovereign immunity because there was no record of federal agency action.  Thus, because the DCRA itself does not waive sovereign immunity, the Circuit dismissed the case.

Plaintiffs argue that *Floyd* is inapplicable because, after the dismissal, OPM issued a written statement confirming that the federal government did not intend to pay increased benefits. This statement established a cause of action under the APA, and summary judgment was later granted to the plaintiffs. *See Floyd v. Rubin (Floyd II)*, 46 F. Supp. 2d 8 (D.D.C. 1998).  In the present case, however, the DHS memo is *not* a record of relevant final agency action, so, unlike the *Floyd* plaintiffs, the plaintiffs here still do not have an APA claim and cannot rely on

the APA's waiver of sovereign immunity.  Thus, this Court has no jurisdiction on these grounds.

**IV. CONCLUSION**

Plaintiffs have an available, exclusive remedy under the OPM/MSPB/Federal Circuit scheme, and because there is no other basis for jurisdiction in this court, the case is DISMISSED without prejudice for lack of subject matter jurisdiction.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:    EMMET G. SULLIVAN**
            **UNITED STATES DISTRICT JUDGE**
            **AUGUST 25, 2006**